# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| AARON JOHNSON, | No. CV 19-7511-PA (PLA) |
| Petitioner, | |
| v. | **ORDER DISMISSING SUCCESSIVE PETITION WITHOUT PREJUDICE** |
| THE PEOPLE OF CALIFORNIA, | |
| Respondent. | |

## I.
## BACKGROUND

On August 29, 2019, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). In the Petition, petitioner challenges his 1993 conviction for first degree murder, alleging that he is innocent based on evidence that had been concealed by the prosecution and police and therefore was never presented at his trial. (See ECF No. 1 at 17-43).

This is the seventh federal petition petitioner has filed in this Court.[1] Petitioner's first federal petition for writ of habeas corpus challenged his 1993 conviction based on the following claims: ineffective assistance of trial and appellate counsel, unlawful search and seizure, insufficient evidence, and jury misconduct. The first petition was dismissed without prejudice on June 6, 1996, for failure to exhaust state court remedies. (See Case No. CV 96-3868-DT (CT), ECF No. 4; Case No. 00-4374-RSWL (CT), ECF No. 3 at 2). Petitioner's second federal petition, raising the same grounds and again challenging his 1993 conviction, was dismissed without prejudice on June 25, 1997, for failure to exhaust state court remedies. (See Case No. CV 97-4416-RAP (CT), ECF No. 4). After the California Supreme Court's denial of petitioner's state habeas petition on December 23, 1997 (see Case No. CV 00-4374-RSWL (CT), ECF No. 3 at 2), petitioner filed his third federal petition, again raising the same grounds he had raised in his previous federal habeas petitions. (See id. at 3). The district judge dismissed the third federal habeas petition with prejudice as time barred on August 27, 1998. (See Case No. CV 98-0989-DT (JG), ECF Nos. 12, 15, 16).

Petitioner's subsequent federal petitions were each dismissed without prejudice as successive. In particular, his fourth federal petition, alleging that he was "denied meaningful access to the courts because the California courts denied his requests for free copies of the clerk's and reporter's transcripts," was dismissed on May 2, 2000. (See Case No. CV 00-4374-RSWL (CT), ECF No. 3 at 3). His fifth federal petition, in which petitioner again challenged his 1993 conviction by raising claims of ineffective assistance of counsel, unlawful seizure, insufficiency of the evidence, and jury misconduct, was dismissed on August 3, 2000. (See Case No. CV 00-7869-DT (CT), ECF Nos. 5, 6). His sixth federal petition, which was filed in 2014 and challenged his 1993 conviction based on claims of ineffective assistance of counsel and that the trial court refused to allow petitioner the opportunity to present newly discovered evidence, was dismissed on August 15, 2014. (See Case No. 14-4164-RT (PLA), ECF No. 5).

---

[1] Petitioner's six previous federal petitions were filed under the following case numbers: CV 96-3868-DT (CT); CV 97-4416-RAP (CT); CV 98-0989-DT (JG); CV 00-04374-RSWL (CT); CV 00-7869-DT (CT); and CV 14-4164-RT (PLA).

# II.

# DISCUSSION

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B). Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

As set forth above, petitioner's third federal petition challenging his 1993 conviction was dismissed with prejudice as time barred on August 27, 1998. (See Case No. CV 98-0989-DT (JG), ECF Nos. 12, 15, 16). As a dismissal of a prior petition for untimeliness creates a "permanent and incurable" bar to federal habeas review, the Ninth Circuit has held that the "dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA[.]" McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (citation omitted); see also Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (dismissal of an earlier petition with prejudice because of a procedural default constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)). Accordingly, petitioner's fourth, fifth,

and sixth federal petitions -- each of which raised claims attacking his 1993 conviction -- were dismissed as successive.

In the instant Petition, petitioner challenges the same conviction that he challenged in each of his previous federal petitions, setting forth the following grounds for relief: (1) he recently discovered that exculpatory evidence -- consisting of a mobile phone, pager, and alibi statement -- was concealed by the prosecution and police detectives; (2) the prosecution and police failed to preserve the exculpatory evidence; and (3) petitioner was subjected to an illegal search and seizure. (ECF No. 1 at 33-45). Petitioner further alleges that he is permitted to bring his "new evidence" claims pursuant to California Penal Code § 1473(b)(3), which was amended in 2017 to add that a state habeas petition "may be prosecuted for, but not limited to, the following reasons: . . . [¶] New evidence exists that is credible, material, presented without substantial delay, and of such decisive force and value that it would have more likely than not changed the outcome at trial."[2] Cal. Penal Code § 1473(b)(3)(A); (see ECF No. 1 at 18).

Given that petitioner's third habeas petition was dismissed in 1998 as time barred, and that his fourth, fifth, and sixth petitions were each dismissed as successive, the Court concludes that the instant Petition, which challenges his 1993 conviction, is also successive. Moreover, even if petitioner could satisfy any of the exceptions listed in 28 U.S.C. § 2244(b)(2)(A) or (B),[3] he is still required -- as he was clearly advised in the Court's prior Order dismissing his sixth petition in Case

---

[2] The statute defines "new evidence" as "evidence that has been discovered after trial, that could not have been discovered prior to trial by the exercise of due diligence, and is admissible and not merely cumulative, corroborative, collateral, or impeaching." Cal. Penal Code § 1473(b)(3)(B).

[3] The Court notes that petitioner's reliance on the 2017 amendment of California Penal Code § 1473 to bring his "new evidence" claims could be construed as an argument that the instant Petition satisfies Section 2244(b)(2)(A), which allows a successive petition to be filed if the habeas claims rely on a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Such an argument would fail, however, as "a new state right afforded by an amended state statute does not create a new federal constitutional right and certainly is not the equivalent of a federal constitutional right newly recognized by the United States Supreme Court and made retroactively application to cases on collateral review." Trejo v. Sherman, 2016 WL 9076049, at *2 (C.D. Cal. Oct. 24, 2016), Report and Recommendation accepted, 2016 WL 8738143 (C.D. Cal. Nov. 18, 2016).

4

No. CV 14-4164-RT (PLA) -- to request *and obtain* authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S.Ct. 793, 798, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the court of appeals before filing a second habeas petition). Because there is no indication that petitioner has obtained such authorization from the Ninth Circuit, the Court is without jurisdiction to entertain the instant Petition.[4] See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, dismissal of the instant Petition without prejudice as successive is appropriate.[5]

---

[4] Although the Court lacks jurisdiction to entertain petitioner's successive Petition, an additional basis for dismissal may exist. In the Petition, petitioner states that he has been "release[d] from prison." (ECF No. 1 at 3). Additionally, petitioner's name was not found in a search of current inmates using the California Department of Corrections and Rehabilitation Inmate Locator website. (https://inmatelocator.cdcr.ca.gov). Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is jurisdictional. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). A habeas petitioner is not "in custody" after the sentence imposed for the conviction is "fully expired." Maleng v. Cook, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). A petitioner on parole, however, satisfies the "in custody" requirement because parole restrictions "significantly restrain [a] petitioner's liberty to do those things which in this country free men are entitled to do." Dow v. Circuit Court of First Circuit Through Huddy, 995 F.2d 922, 923 (9th Cir. 1993) (citation omitted). Here, while it appears that petitioner is no longer in prison, it is not clear whether he is on parole. If he was on parole when he filed the instant Petition, he is considered "in custody" under Section 2254(a). If he was not on parole at that time, it appears that his 1993 conviction would then be fully expired and the Court would lack jurisdiction over the Petition on the additional basis that petitioner was not in custody when he initiated this action.

[5] Petitioner is again advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit Court of Appeals. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.
If petitioner obtains permission from the Ninth Circuit Court of Appeals to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. If petitioner files a new petition, the Court will give that

## III.
## **CONCLUSION**

IT IS THEREFORE ORDERED that the Petition is **dismissed without prejudice** as successive.

DATED: September 10, 2019

                                                 HONORABLE PERCY ANDERSON
                                                 UNITED STATES DISTRICT JUDGE

---

petition a new case number.